UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CURTIS HAMILTON,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK, LIEUTENANT SEAN FREY, CAPTAIN MICHEAEL CODY, POLICE OFFICER JOSEPH RIVERA, N.Y.P.D. POLICE OFFICERS JOHN DOE # 's"1-4" INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

                      Defendants,
-----------------------------------------------------------------X

**COMPLAINT**

**JURY DEMAND**

14 CV 1976

      Plaintiff CURTIS HAMILTON, by and through his attorney, WILLIAM T. MARTIN, Esq., complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, 1985, 1986, and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff CURTIS HAMILTON is an African-American male. Plaintiff is a United States citizen. Plaintiff was deprived of his constitutional and common law rights when defendant(s) LIEUTENANT SEAN FREY, CAPTAIN MICHEAEL CODY, POLICE OFFICER JOSEPH RIVERA, N.Y.P.D. POLICE OFFICERS JOHN DOE # 's"1-4", (hereinafter referred to collectively as the " DEFENDANTS"), falsely accused plaintiff of crimes that he did not commit, assaulting him, malicious prosecution, inflicting psychological and physical injuries and causing plaintiff to lose his liberty and employment.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act; 42 U.S.C. § 1983, 1985, 1986, and 1988, and the rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C.§1367, over any and all State law claims and causes of action, which derived from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and cause of action.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) because the claims arose in this district.

## PARTIES

4. Plaintiff CURTIS HAMILTON, (hereinafter HAMILTON) is a resident of Queens County, in the City and State of New York.

5. At all times relevant herein, individual defendant(s) LIEUTENANT SEAN FREY at all times relevant herein, was acting in the capacity of agents, servants and employees of The New York City Police Department and Defendant CITY.

6. At all times relevant herein, individual defendant(s) CAPTAIN MICHEAEL CODY at all times relevant herein, was acting in the capacity of agents, servants and employees of The New York City Police Department and Defendant CITY.

7. At all times relevant herein, individual defendant(s) POLICE OFFICER JOSEPH RIVERA at all times relevant herein, was acting in the capacity of agents, servants and employees of The New York City Police Department and Defendant CITY.

8. At all times relevant herein, individual defendant(s) N.Y.P.D. POLICE OFFICERS JOHN DOES # "1-4", (hereinafter "P.O. JOHN DOE DEFENDANTS") were police officers of N.Y.P.D. At all times relevant herein, they were acting in the capacity of agents, servants and employees of The New York City Police Department and Defendant CITY.

9. Defendant CITY is a municipality created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which is an agency thereof and in part acts as its agent in the area of law enforcement through N.Y.P.D.

## STATEMENT OF FACTS

10. On or about March 22, 2011, at approximately 7:45pm, in the vicinity of 139th and Bradhurst Ave, Plaintiff HAMILTON was lawfully parked, sitting in his vehicle, when he was approached by four NYPD officers.

11. Upon information and belief the *DEFENDANTS* exited their vehicle and walked up to and surrounded plaintiff's car. One officer forcefully removed plaintiff from his vehicle, without asking for a license and/or registration, or informing plaintiff as to why he was being interrogated.

12. That without probable cause the *DEFENDANTS* apprehended plaintiff; thereafter plaintiff was forcibly searched by two officers, and at that time the additional officers began searching

his vehicle, without permission, authority or a warrant.

13. Plaintiff HAMILTON indicated to the *DEFENDANTS* that he had done nothing wrong, when they pulled plaintiff from his vehicle and began to vigorously interrogate the plaintiff, publicly.

14. During their search the officers recovered prescription drugs in the plaintiff's name, for an antibiotic Napazillon. Plaintiff explained that he was prescribed these drugs, but the officers continued with their interrogation and arrested him without probable cause and without being told what he was being charged with by the *DEFENDANTS*.

15. Plaintiff was charged with Possession of a Controlled Substance with Intent to Distribute. Plaintiff spent thirty (30) hours in jail as a result of the charges he was falsely accused of by the defendants. The case was pending before Judge Ferrara in New York County for approximately three months. These charges were dropped and on or about June 14, 2011, the case was dismissed and sealed by the Judge.

16. As a result of this incident and the charges plaintiff was falsely accused of, plaintiff was caused to lose his full time job (where he worked with children as a supervisor), and was subjected to public humiliation by these members of the NYPD, who acted without probable cause or justification.

17. As a result of the *DEFENDANTS'* conduct, HAMILTON suffered a violation of his due process rights and other constitutional rights guaranteed by the State and Federal constitutions, extreme emotional, mental and psychological anguish, including but not

limited to loss of appetite, loss of sleep, depression, humiliation, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities and loss of benefits and/or wages.

18. Plaintiff alleges that the defendant *CITY* is liable for the false arrest of plaintiff due to the failure to hire rational, intelligent, and competent employees and to afford them adequate training.

19. The above-mentioned acts were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants' under color of law. The defendant *CITY* has tolerated and permitted a pattern of illegal actions against citizens, and have failed to maintain an unbiased system for review and discipline of these types of violations by police officers, and as a result, an atmosphere of indifference to said constitutional violations by New York City police officers has been countenanced and fostered the belief by New York City police officers that they can violate the rights of African- American males and or minority citizens, like plaintiff HAMILTON without meaningful consequences and impunity.

20. Further, HAMILTON did not commit a criminal act, and was illegally searched, falsely accused and arrested.

21. The New York County District Attorney dismissed all charges against HAMILTON on or about June 14, 2011.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Federal Constitutional Rights

22. Plaintiff HAMILTON repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "21" with the same force and effect as if more fully set forth at length herein.

23. On or about March 22, 2011, the *DEFENDANTS* committed an illegal search and seizure, and falsely arrested plaintiff while using excessive force that was unlawful, an abuse of power, unreasonable and without probable cause all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983 and in addition they falsified a criminal complaint against plaintiff HAMILTON.

25. As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the *DEFENDANTS*, which were all committed under color of their authority as police officers, and while acting within that capacity, plaintiff suffered a deprivation of his liberty, and economical and emotional damages, all of which is in violation of his rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, 1985, 1986 and 1988.

26. As a further result of the above-mentioned unlawful and malicious acts committed by the *DEFENDANTS*, plaintiff was deprived of his rights and immunities secured by the U.S. Constitution and laws of the State of New York including, but not limited to, his rights to be

secure in his home and person; to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

27. By battering plaintiff, illegally searching his vehicle, and subjecting him to an illegal arrest, while utilizing excessive physical force, the defendants directly violated the laws, rules and regulations of *N.Y.P.D*, the laws of the Defendant *CITY* and State of New York and the United States.

28. That by reason of the forgoing, plaintiff suffered physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

29. Plaintiff HAMILTON repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "28" with the same force and effect as if more fully set forth at length herein.

30. Defendants, CITY and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the *DEFENDANTS*, who were unfit for the performance of police duties on March 22, 2011, and who also prepared and filed false accusatory documents to cover their illegal conduct at the above mentioned location.

31. The failure of the defendant CITY and N.Y.P.D to hire, retain, train, supervise, discipline,

discharge or in any other way adequately control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of the State of New York and the regulations of N.Y.P.D is evidence of the reckless disregard for the rights of the public, including plaintiff, and exhibited a lack of guidance and direction which prudent and reasonable individuals would display in employing persons to work for the N.Y.P.D.

32. Further defendant CITY and N.Y.P.D countenance, condone, ratify and continue the employment of the *DEFENDANTS* even though they are made aware of the ultra various acts of said defendant police officers and such forbearance, without consequences, fosters an atmosphere of lawlessness and implicit acceptance of falsifying accounts of criminality against the citizenry with impunity.

33. Such conduct has been allowed to exist and has created a culture of lawlessness that is carried out willfully, wantonly, maliciously and with reckless disregard for the rights of minorities in general and plaintiff HAMILTON's constitutional rights, specifically.

34. That by reason of the forgoing, plaintiff suffered economic and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION

#### False Imprisonment

35. Plaintiff HAMILTON repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "34" with the same force and effect as if more fully set forth at length herein.

36. The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

37. The *DEFENDANTS* created and filed false accusatory documents and intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of such confinement and there was no legal basis and it was not otherwise privileged.

38. The individual *DEFENDANTS* were at all times agents, servants, and employees acting within the scope of their employment by defendant CITY and N.Y.P.D and were aware of the fact that it was a crime to prepare and lodge a false accusatory instrument.

39. Plaintiff HAMILTON was at all times material to this action lawfully on the street when he was accosted by the *DEFENDANTS*, and was peacefully enjoying his night to be free from unreasonable search and seizure.

40. That the *DEFENDANTS* forcibly pulled and removed plaintiff HAMILTON from his vehicle, while he was in public, and thereafter arrested him on false charges.

41. That plaintiff HAMILTON was arrested and jailed based on these false charges made against him by the defendants. He remained in detention for 30 hours.

42. The District Attorney dismissed the criminal charges against plaintiff HAMILTON after conducting an investigation which consisted of interviewing witnesses and reading the individual defendants testimony.

43. The case was dismissed and sealed by Judge Ferrara in New York County after a review of

the facts and circumstances of the case and the actions of the *DEFENDANTS*, on or about June 14, 2011.

44. That as a result of the forgoing plaintiff HAMILTON was deprived of his liberty and he was conscious of his imprisonment.

45. That by reason of the foregoing, plaintiff HAMILTON suffered serious economic and emotional damages in the sum of One Million Dollars ($1,000,000.00)

## FOURTH CAUSE OF ACTION

### False Arrest

46. Plaintiff HAMILTON repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "45" with the same force and effect as if more fully set forth at length herein.

47. That the aforesaid actions of the individual defendants constitute false arrest and/or imprisonment of plaintiff HAMILTON in violation of the Constitution and laws of the City and State of New York and United States of America.

48. That *DEFENDANTS* recklessly, wrongfully, maliciously and without probable cause physically detained plaintiff HAMILTON, on or about March 22, 2011, and placed him under arrest.

49. That as a result of the false arrest without probable cause, plaintiff HAMILTON was incarcerated for an extended period approximately thirty hours, unjustly.

50. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff

has suffered general, pecuniary and compensatory damages in the sum of One Million Dollars (1,000,000.00).

## FIFTH CAUSE OF ACTION

### Malicious Prosecution

51. Plaintiff HAMILTON repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "50" with the same force and effect as if more fully set forth at length herein.

49. That individual defendants DEFENDANTS brought charges against plaintiff HAMILTON that were false, which they knew or should have known to be false through the exercise of due diligence.

50. That plaintiff HAMILTON faced prosecution on said false allegations, brought by these individual defendants, whom they knew or should have known were false; and was subjected to termination from his full-time job, based on the false statements of the individual *DEFENDANTS*.

51. That the charges and prosecution of plaintiff HAMILTON was reckless, wanton, and malicious without any regard to the truth of the allegations, or the conduct of the defendants.

52. That the charges were dismissed on the merits by a Judge of the New York Supreme Court, Judge Ferrara, and upon the district attorney's own application on June 14, 2011.

53. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

54. That by reason of the forgoing, plaintiff suffered serious economic and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## SIXTH CAUSE OF ACTION

## AGAINST THE CITY OF NEW YORK

55. Plaintiff HAMILTON repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "54" with the same force and effect as if more fully set forth at length herein.

56. That as an employer of the *DEFENDANTS* at the times of their negligent conduct as set forth herein, the defendant CITY, is liable to the plaintiff under the laws of the defendant CITY and State of New York, for allowing said individual defendants to act under color of law, and in violation of plaintiff HAMILTON's constitutional rights, as members of the N.Y.P.D.

57. That as a proximate result of the aforesaid acts and omissions by the *DEFENDANTS*, the plaintiff has suffered general, pecuniary and compensatory damages.

58. That by reason of the forgoing, plaintiff suffered serious economical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

**WHEREFORE**, Plaintiff HAMILTON requests judgment against the individual defendants, and defendant CITY OF NEW YORK, as follows:

1. As against the individual Defendants, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the causes of action herein,

2. As against the individual Defendants punitive damages in the sum of ONE MILLION

DOLLARS ($1,000,000.00) on the causes of action herein, and

3. As against Defendant CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Sixth Cause of action asserted against it, and

4. Cost of this action,

5. And such other and further relief as may deem to be just and proper.

Dated: Bronx, New York
March 20, 2014

*William T. Martin*
William T. Martin, Esq.
945 East 226th Street
Bronx, New York 10466
(347) 843-8655

# VERIFICATION

**STATE OF NEW YORK**       :

                         : ss.:

**COUNTY OF THE BRONX**  :

      I William T. Martin, Esq. being an attorney do hereby affirm and state under the penalties of perjury that:

      I am verifying the contents of the instant complaint due to the fact that my client does not reside in the county where I maintain my offices.

      I have read the foregoing complaint and know the contents to be true. The averments therein are true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief and as to hose matters I believe them to be true.

                                      *William T. Martin*

                                      William T. Martin, Esq.